JUSTICE NELSON
specially concurs.
¶40 The Illinois Supreme Court recently addressed an issue similar to that raised by Finley and outlined sensible procedural safeguards to ensure that a probationer’s constitutional rights are respected in sentence revocation hearings. In People v. Hall (Ill. 2001), 760 N.E.2d *282 971, the Illinois Court reviewed a case in which the sentencing court failed to admonish a probationer regarding the consequences of his admission before the court. In that case, neither the probationer nor the prosecution knew the sentencing parameters available to the court at the time the probationer admitted violating a condition of his probation. To clarify the meaning of due process in the context of a revocation hearing, the Illinois Supreme Court held that a trial court must admonish a probationer before accepting an admission to a probation violation, in order to determine whether:
(1) the probationer understands the specific allegations in the State’s petition to revoke probation;
(2) the probationer understands that he has the right to a hearing with defense counsel present at which the State must prove the alleged violation, and that he has the rights of confrontation and cross-examination at such a hearing;
(3) the probationer’s admission is voluntarily made and not made on the basis of any coercion or promises, other than any agreement as to the disposition of his case;
(4) the probationer understands the consequences of his admission or the sentencing range for the underlying offense; and
(5) a factual basis exists for the admission.
Hall, 760 N.E.2d at 975.
¶41 The admonishments outlined by the Illinois Supreme Court comport with the procedural safeguards of § 46-18-203, MCA, and work to balance the interests of the State to ensure compliance with the terms and conditions of probation and the liberty interests of the probationer. Clearly, justice would be better served and a probationer’s procedural and substantive due process rights better protected by our district courts obtaining assurances that address each of the five points set forth in Hall to create a reviewable record that the defendant was advised of his rights before the defendant waives any of those rights and prior to the court accepting an admission.
¶42 I suggest that district courts adopt the Hall approach. The extra two minutes spent in obtaining the five assurances will obviate appeals such as the one at bar.